# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2020

Lyle W. Cayce
Clerk

No. 19-30632

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD SAMPSON, also known as Yune Sampson,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CV-2368
USDC No. 2:14-CR-184-1

Before HAYNES, GRAVES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Donald Sampson, federal prisoner # 73174-379, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction and sentence for conspiracy to possess with intent to distribute cocaine hydrochloride. He contends that (1) he received ineffective assistance of counsel when his trial counsel failed to move for a bill of particulars or object to the inclusion of certain prior state felony

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions in his criminal history computation, and (2) the district court erred by denying § 2255 relief without an evidentiary hearing. In addition, Sampson moves for leave to proceed in forma pauperis (IFP) on appeal and for the appointment of counsel in connection with his COA motion.

To obtain a COA to appeal the denial of § 2255 relief, Sampson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet that burden, he must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Sampson fails to make the requisite showing to obtain a COA, and his motion for a COA is accordingly denied. We construe Sampson's motion for a COA with respect to the district court's denial of an evidentiary hearing as a direct appeal of that issue, *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), and affirm. Additionally, we deny Sampson's motion to appoint counsel in relation to his COA motion. *See* Fifth Circuit Plan for Representation under the Criminal Justice Act, § 3(B). Finally, because a COA will not issue, we deny Sampson's motion for leave to appeal IFP as moot.

MOTION FOR COA DENIED; JUDGMENT AFFIRMED; MOTION TO APPOINT COUNSEL DENIED; MOTION FOR LEAVE TO APPEAL IFP DENIED AS MOOT.